Ethelyne L. McBee v. Commissioner.
McBee v. Commissioner
Docket No. 2476-64.
United States Tax Court
T.C. Memo 1966-180; 1966 Tax Ct. Memo LEXIS 104; 25 T.C.M. (CCH) 931; T.C.M. (RIA) 66180; August 4, 1966
*104 RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioner's 1961 income tax in the amount of $194.21, based upon adjustments disallowing the following deductions: (a) Contributions
$224.00
(b) Casualty Loss
528.00
(c) Travel expense
244.32
(d) Automobile insurance
55.60 Petitioner's principal residence is in Gainsville, Florida, but her return was filed with the district director at Cincinnati, Ohio. No stipulation of facts was filed herein, and the short hearing, in which petitioner was the sole witness, was marked by considerable confusion, vagueness, and lack of clarity. The petition does not assign any error as to the first adjustment, and no evidence was presented in respect thereof. This adjustment must therefore be approved. In respect of the casualty loss Government counsel explained in his opening statement that of the $578 deduction claimed on petitioner's return for automobile loss, the deduction was disallowed to the extent of $528 on the ground that such loss was covered by insurance, and a $50 deduction was allowed for the portion of the loss not covered by insurance. Petitioner *105 presented no evidence showing that the Commissioner erred in disallowing the deduction for claimed loss to the extent of $528; accordingly, this adjustment must be approved. The evidence relating to the travel expense item of $244.32 was confused. Petitioner appeared to think that the crucial question was whether her home was in Gainsville, Florida. The evidence shows that early in 1961 petitioner was teaching school in Tucson, Arizona, that she resigned her job, which paid $7,000 a year, and returned to her home in Gainsville, that her air fare was $144.32, and a purpose in returning was to "take care" of some rental properties (five apartments) owned by her in Gainsville. She then expended another $100 traveling by automobile from Gainsville to Columbus, Ohio, by the way of Arlington, Virginia. She owned rental properties in both these cities, and one of the purposes of the travel was to look after these properties. Another purpose related to her mother who lived in Columbus and who had become ill or senile. Notwithstanding the poor state of the record, we hold, without much conviction, that petitioner is entitled to the $244.32 deduction. The final adjustment in the determination *106 of deficiency is a deduction of $55.60 for automobile insurance. She claimed that she used her automobile in connection with her rental properties. We are satisfied that she did use her automobile for that purpose, but the evidence does not disclose to what extent she also used it for purely personal reasons. We find that $20 of the premium is deductible. Cf. (C.A. 2). In her petition petitioner raised a further issue relating to a claimed deduction for a theft loss in respect of the contents of one of her properties in Arlington. No evidence was presented as to this issue, and we therefore do not regard it as being before us for decision. Decision will be entered under Rule 50.